IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TRAVIS AARON BALL, )
)
    Petitioner, )
)
v. ) Civil Action No. 3:22-cv-279-HEH
)
HAROLD W. CLARKE, )
)
    Respondent. )

## MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2254 Petition)

Travis Aaron Ball ("Ball"), a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his conviction in the Circuit Court for the City of Richmond ("Circuit Court"). Respondent moves to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars Ball's § 2254 Petition. Respondent provided Ball with the appropriate *Roseboro* notice.[1] (ECF No. 17.) Ball has not responded. For the reasons set forth below, the Motion to Dismiss (ECF No. 15) will be granted.[2]

---

[1] *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in the quotations from Ball's submissions.

## I. PROCEDURAL HISTORY

Ball entered an *Alford*[3] plea to capital murder in the Circuit Court. (ECF No. 16–1 at 30.) On October 16, 2018, the Circuit Court entered final judgment and sentenced Ball to an active sentence of 36-years imprisonment. (*Id.* at 31–32.) Ball did not appeal.

On January 23, 2020, Ball filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. (ECF No. 16–4 at 1.) On June 2, 2021, the Supreme Court of Virginia dismissed the petition. (*Id.* at 1, 3.)

On April 13, 2022, Ball filed his § 2254 Petition with this Court.[4] (§ 2254 Petition at 16.) Ball's grounds for relief are restated verbatim, as follows:

| | |
|---|---|
| Claim One | Ineffective Assistance of Counsel.<br>From the time I got the capital attorneys, I stated, "No matter what, I want a trial. I don't want pleas." Instead, they offer m[e] the option of life w/o parole. We began to communicate to where I wouldn't see them at all. I filed a motion and a written letter to the judge explaining the minimal [sic] of the situation, but soundly reflecting that I need new attorneys. During this time, the attorneys file[d] [a] motion of incompetency against me in rebellion of my efforts to get rid of them. It was denied. Hence, the plea. (*Id.* at 6.) |
| Claim Two | Withheld Evidence, Discovery, & Exculpatory.<br>When the motion for competency was filed by my counsel it was brought up that I was indeed being withheld copies of evidence that I had been asking for. Judge Snukals explained to them I was to have the copies. It wasn't until after being charged with |

---

[3] *North Carolia v. Alford*, 400 U.S. 25 (1970).

[4] The Court deems the petition filed on the date Ball executed his request for federal habeas relief and placed it in the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

|  |  |
|---|---|
|  | possession of a firearm did I realize that the evidence I received was from my capital case, but in abundance. I have so many things that was pertinent and groundbreaking, I'm at a loss for words.<br>(*Id.* at 8.) |
| Claim Three | Bribery to Plea from My Own Counsel.<br>During the last days coming up to trial, Faith Winstead and Kelson Bohnet were coming to see me for hours at a time, into late night hours begging me and asking me what would it take for me to sign the paper that was the plea agreement. I kept asking for cigarettes, eventually I was told I would lose my trial [and] get the death penalty. They left, Faith came back and was texting Jennifer (Boss) if they could get me [some] cigarettes to smoke at the court. The judge signed that I could smoke a cigarette that day before I went in there. My lawyers told me to pay attention and answer right and they would take care of me.<br>(*Id.* at 9.) |
| Claim Four | Evidence of Threatening and Unethical Practice by the Commonwealth's Attorney.<br>He was sending (Michael Herring) emails to my attorneys and trying and succeeding in getting my attorneys to shirk their jobs of trying to save my life. He stated, "If we go to trial, I will likely now do the sentencing argument and I will morally, and ethically make the case for a death sentence. You folks predict a long voir dire followed by a lengthy trial. That's fine with me. In some arguably unhealthy way, I look forward to it."<br>(*Id.* at 11.) |

## II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year limitations period for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

3

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A. Commencement of the Statute of Limitations

Ball's judgment became final for the purposes of the AEDPA on Thursday, November 15, 2018, when the time for filing a notice of appeal expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:3(a) (requiring that a notice of appeal be filed within thirty (30) days of the entry of judgment). The limitation period ran for well over a year before Ball filed his state

4

habeas petition on January 23, 2020. Therefore, Ball's § 2254 Petition is barred by the one-year statute of limitations unless Ball demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or some equitable basis for avoiding the limitation period. Neither Ball nor the record suggest any circumstance that would render his § 2254 Petition timely. Accordingly, the § 2254 Petition is barred the statute of limitations.

### III. CONCLUSION

The Motion to Dismiss (ECF No. 15) will be granted. The § 2254 Petition (ECF No. 1) will be denied. The action will be dismissed. A certificate of appealability is denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Oct. 12, 2022
Richmond, Virginia

5